UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| NOE LAURO HERNANDEZ AND CELINA HERNANDEZ D/B/A H & H FARMS, a Texas General Partnership,<br><br>Plaintiff,<br>v.<br><br>COSTA ORO LLC, a Texas Corporation,<br><br>Defendant. | §<br>§<br>§<br>§  C.A. No.: 7:18-cv-0292<br>§<br>§<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT

Plaintiff H & H FARMS for its Original Complaint against Defendant COSTA ORO LLC, alleges and states as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiff's claims arose in this District and (b) Defendant's principal place of business is in this District.

## PARTIES

3. Plaintiff Noe Lauro Hernandez and Celina Hernandez d/b/a H&H Farms ("H&H Farms") is a Texas general partnership with its principal place of business in Pharr, Texas and citizen of the State of Texas and a resident of Hidalgo County, Texas. Plaintiff is engaged in the business of growing and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

4. Defendant Costa Oro is a domestic limited liability company with a principal place of business in McAllen, Texas, and was at all times pertinent herein, a purchaser of wholesale quantities of Produce subject to the provisions of the PACA and licensed thereunder as a dealer.

5. At all times relevant hereto, Defendant Costa Oro bought from Plaintiff and sold to others wholesale quantities of Produce in interstate commerce.

6. At all times relevant hereto, Defendant was engaged in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, is a "dealer" of Produce as defined by the Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §§ 499a-499t (the "PACA").

7. On information and belief, Defendant Costa Oro, at all times relevant hereto, operated its business under a valid United States Department of Agriculture ("USDA") issued PACA license, which the USDA has identified as License No. 20050883.

## GENERAL ALLEGATIONS

8. This action is brought to collect sums due, and in the case of Plaintiff, to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

9. On November 9, 2017, Defendant contracted with H&H Farms to plant and grow 123 acres of onions for crop year 2017-2018. Plaintiff sold and delivered to Defendant approximately 3,386,524 pounds of onions, which was moved in interstate commerce, all of which remains unpaid. A copy of Plaintiff's production schedule of onions harvested and delivered to Defendant is attached hereto as Exhibit A.

10. There was no contractual obligation on the part of Plaintiff to meet a specific quantity of the Produce; however, Plaintiff made good faith effort to grow the Produce in sufficient

quantities to meet any anticipated volume or order as expected by Defendant; see Exhibit B, a sample of Costa Oro's Inventory Transactions by Entry and Field Tickets.

11. Defendant has not disputed the debt in any way and has failed to make payment to Plaintiff in accordance with the provisions of the PACA and according to the Contractual Agreement to Grow Crop (the "Contract") attached hereto as Exhibit C.

12. Defendant's failure, refusal, and inability to pay Plaintiff the undisputed amounts owed to Plaintiff demonstrate that Defendant is failing to maintain sufficient assets in the statutory trust to pay Plaintiff and is dissipating trust assets.

## COUNT 1
## BREACH OF CONTRACT

13. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 of this Complaint as though fully set forth in this paragraph 13.

14. During March and May 2018, H&H Farms sold and delivered to Defendant, perishable agricultural commodities as reflected in the inventory transactions by entry and field tickets identified in Exhibit B above. Defendant accepted said onions.

15. H&H Farms has demanded that Defendant pay the sums that are due and owing under the Contract. Defendant acknowledged the amounts owed and due to H&H Farms.

16. Defendant has subsequently failed and refused and continue to refuse to pay H&H Farms for the perishable agricultural commodities purchased by Defendant. Defendant's failure to pay the amounts due and owed to H&H Farms is a breach of contract.

17. H&H Farms has performed all conditions, covenants, and obligations required to be performed by them under the agreements for the sale of the product to Defendant.

18. H&H Farms has performed all its contractual obligations required to be performed by it under the Contract for the production of the onions to Defendant.

19. As a direct and proximate result of failure to remit payment due to H&H Farms as described above, H&H Farms has estimated its losses based upon 40-pound bags and a USDA Market News Shipping Point Price of $16.00 per bag at suffered losses in the net amount less commissions of $1,200,000.00.

## COUNT 2
## FAILURE TO ACCOUNT AND PAY FOR GOODS SOLD UNDER PACA

20. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth in this paragraph 20.

21. PACA Section 2 imposes a duty on all receivers of perishable agricultural commodities to account for and pay for such goods. Defendant failed and refused to pay Plaintiff an estimated total amount of $1,200,000.00 owed to Plaintiff for goods received by Defendant from Plaintiff.

## H&H FARMS ENTITLED TO ATTORNEY'S FEES

H&H Farms will seek to recover its attorney's fees and costs under Tex. Civ. Prac. & Rem. Code §38.001. On September 11, 2018, H&H Farms demanded upon Defendant payment of the amounts owed and due to Plaintiff. This communication with the Defendant satisfies the statutory requirement under §38.002 of the Texas Civil Practice and Remedies Code.

WHEREFORE, Plaintiff requests judgment against Defendant, as follows:

## COUNT 1
## BREACH OF CONTRACT

1. For damages in the amount of at least $1,200,000.00;

2. For reasonable attorney's fees; and

2. For such other and further relief as the court may deem just and proper.

## COUNT 2
## <u>FAILURE TO PAY FOR GOODS SOLD UNDER PACA</u>

1. For judgment in the amount in the cumulative amount of $1,200,000.00 against the Defendant;

2. For reasonable attorney's fees, and

2. For such other and further relief as the court may deem just and proper.

Dated: September 13, 2018.

                Respectfully submitted,

                STOKES LAW OFFICE LLP
                3330 Oakwell Court, Suite 225
                San Antonio, TX 78218
                E-Mail cstokes@stokeslawoffice.com
                Telephone (210) 804-0011
                Facsimile (210) 822-2595

                */s/* Craig A. Stokes
                Craig A. Stokes – SBN 19267700

                *Attorneys for Plaintiff H & H Farms*